IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKE GRAY, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-2390 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER DENYING MOTION
FOR EX PARTE TEMPORARY RESTRAINING ORDER**

The plaintiffs, John Gray and his "manager and caretaker," Mike Gray, seek an *ex parte* temporary restraining order and preliminary injunction to prevent the defendants, officers and employees of what Gray identifies as the Texas Department of Criminal Justice parole division, from continuing to supervise him, from having a parole officer order him not to contact court clerks, from having certain employees and officers near the plaintiffs, from requiring the plaintiffs to pay fees that were part of his unmet supervision conditions, and from requiring him to wear or have an electronic monitor. The plaintiffs contend that John Gray was released from mandatory supervision on August 9, 2014. The plaintiffs also seek actual and punitive damages.

To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction. A TRO is a highly accelerated and temporary form of preliminary injunctive relief. The party seeking such relief must establish the elements for obtaining a preliminary injunction. The plaintiffs must establish (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm to him if the TRO is not granted, (3) that the threatened harm outweighs any damage that the TRO might cause the opposing parties, and (4) that the TRO will not disserve the

public interest. The decision whether to grant a preliminary injunction is within the discretion of the court, but it is an extraordinary remedy that should only be granted if the movant has clearly carried its burden. "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Jones,* 122 F.Supp.2d at 718 (quoting *White v. Carlucci,* 862 F.2d 1209, 1211 (5th Cir.1989); *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 997 (5th Cir.1985)). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light,* 760 F.2d at 621.

Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party, but only if both of the following requirements are met: specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney or the movant certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed.R.Civ.P. 65(b)(1)(A)-(B). A TRO cannot be issued *ex parte* absent a clear showing that immediate and irreparable injury will result before the adverse party can be heard. *Id.*

A TRO cannot issue on the present record. The papers do not show a need for the actions the plaintiffs seek before the defendants can be informed of the suit and given notice of the TRO application and an opportunity to be heard. When the plaintiffs provide written notice to the court demonstrating that the opposing parties have been notified and provided copies of the motion, the court will set a hearing at which both sides can be heard.

SIGNED on August 27, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge