**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MIKE GRAY, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-2390 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiffs, John Gray and his "manager and caretaker," Mike Gray, sued officers and employees of the Texas Department of Criminal Justice ("TDCJ") and the Texas Board of Pardons and Paroles ("TBPP"), seeking an injunction and actual and punitive damages. The plaintiffs allege that the defendants improperly kept John Gray on parole past his release date after he complained that his parole officer assaulted him. The plaintiffs also allege that the defendants denied John Gray medical care and access to the courts.

The defendants moved to dismiss. (Docket Entry No. 9). The plaintiffs filed a response three months later. (Docket Entry No. 13). Based on the pleadings; the motion and response; and the applicable law, the court grants the motion to dismiss. Dismissal is without leave to amend, because amendment would be futile. Final judgment is therefore entered by separate order.

The reasons for this ruling are set out below.

**I.      Background**

John Gray is a parolee. He and his brother, Mike Gray, sued two Texas Department of Criminal Justice officers, Brad Livingston and Sharon Felfe Howell, and two Texas Board of

Pardons and Paroles officers, Bettie Louise Wells and Rissie Owens, alleging that John Gray's parole officer, Benjamin Williams, who is not a defendant, sexually assaulted him in August 2014. (Docket Entry No. 1 at ¶ 14). The plaintiffs claim that in the assault, Williams injured John Gray's right arm, which was already broken in a car accident, as well as a toenail. (*Id.* at ¶¶ 14, 22). The plaintiffs allege that they complained about the assault to various parole supervisors who are not named in this suit, and that Williams told John Gray not to file a lawsuit, impairing his right to access the courts. (*Id.* at ¶¶ 13, 22). In their response to the motion to dismiss, the plaintiffs add the allegation that John Gray has been denied access to legal materials at the prison where he is currently incarcerated. (Docket Entry No. 13).

The plaintiffs claim that John Gray should have been released from parole on August 9, 2014, but that he was kept on parole past this date in retaliation for failing to pay parole fees, failing to pass a required polygraph test, refusing to confess to the crime he was imprisoned for, and complaining about Williams's sexual assault. (Docket Entry No. 1 at ¶¶ 11, 21). The extended parole status allegedly kept John Gray from working as a paralegal. (*Id.* at ¶¶ 15–16). Because he was not employed, he could not pay his brother rent and therefore could not live with him. The plaintiffs seek an injunction ordering John Gray's release from parole and from the conditions of his supervision, enjoining the defendants from contacting the plaintiffs or their family members, and restoring the plaintiffs' access to the courts. They also seek compensatory and punitive damages, and Mike Gray seeks damages for lost rent.

The defendants' arguments for dismissal, and the response, are each examined below.

## II.    Dismissal for Lack of Standing

The defendants argue that Mike Gray lacks standing to sue for alleged violations of his brother's constitutional rights.  Federal Rule of Civil Procedure 12(b)(1) applies to challenges to a plaintiff's standing.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case," *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation and internal quotation marks omitted).  A court lacks power to decide a claim that a plaintiff lacks standing to bring.  The plaintiff has the burden of demonstrating that subject-matter jurisdiction exists.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

"Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  In this case, the defendants' argument that Mike Gray lacks standing to sue is a facial attack on the pleadings alone.

Standing requires: "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  As "the party invoking federal jurisdiction," the plaintiffs "bear[] the burden of establishing these elements." *Lujan*, 504 U.S. at 561.  They must meet this burden "'with the manner and degree of evidence required at the successive stages of the litigation,'" which means that "on a motion to dismiss, [they]

must allege facts that give rise to a plausible claim of . . . standing." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133–34 (5th Cir. 2009) (quoting *Lujan*, 504 U.S. at 561). When a complaint seeks multiple kinds of relief, the plaintiff must show standing "for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).

Mike Gray does not allege that the defendants violated his federally protected rights.  The only injury he alleges he suffered is that the civil-rights violations his brother allegedly suffered resulted in Mike Gray losing the rent his brother would otherwise have paid.  Mike Gray has no federally protected right to the rent.  His claims against the defendants are dismissed for lack of standing.

## III.    Dismissal for Failure to State a Claim

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that

is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

### A.       The Section 1983 Claims Against the Defendants in Their Official Capacities

A suit for damages brought against State officials or employees in their official capacities is in effect brought against the State itself and barred unless a waiver or exception exists. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).  The plaintiffs have not shown, and the record does not reveal, any waiver or exception.  The damages claims brought against the defendants in their official capacities are dismissed.

The plaintiffs' claims for an injunction against the defendants in their official capacities are also barred.  The law allows suits for prospective injunctive or declaratory relief against State officials in their individual capacities. *See Saliz v. Tennessee Dep't of Employment Sec'y*, 976 F.2d 966, 968 (5th Cir. 1992).  But the law still requires the plaintiff to establish standing by showing (1) injury in fact, (2) causation, and redressability. *Gregory v. Texas Youth Comm'n*, 111 F. App'x 719, 721 (5th Cir. 2004) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).  The complaint fails to show that the plaintiffs have standing to assert their claims.

The plaintiffs seek an injunction against the defendants in their official capacities to release John Gray from parole and lift his obligation to pay parole fees and to wear an electronic monitoring device. Livingston, Howell, and Wells do not have the authority to release John Gray from parole. Howell and Wells are the general counsels for TDCJ and TBPP, respectively.  They do not have the

authority to overrule those agencies' decisions with respect to a parolee.  Livingston is the executive director of the TDCJ and does not have the authority to change parole conditions imposed by the TBPP.  A State official cannot be enjoined to act in any way that is beyond his or her authority.  *See Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001).

In addition, the plaintiffs cannot seek John Gray's release from his parole conditions under 42 U.S.C. § 1983.  While a plaintiff may sue under § 1983 to challenge the constitutionality of his parole conditions, the fact of parole must be challenged by a seeking a writ of *habeas corpus*.  *See Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973).  When, as here, the parolee challenges the 'fact or duration' of his parole restrictions or merely the rules, customs, and procedures affecting 'conditions' of confinement," a suit seeking habeas relief, not seeking damages or an injunction under § 1983, is appropriate.  *Cook v. Texas Dep't of Crim. Justice Transitional Planning Office*, 37 F.3d 166, 168 (5th Cir. 1994) (quoting *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)).  A plaintiff may not pursue a § 1983 action challenging the fact or duration of his parole unless he can demonstrate that a court has already called the conviction or parole into question by issuing a writ of *habeas corpus*.  *See McGrew v. Tex. Bd. of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).  Because the plaintiffs have made no such showing in this case, and the record reveals no basis to make this showing, the claims challenging his parole supervision and the defendants' failure to release him from parole are dismissed, without leave to amend because amendment would be futile.

**B.     The Section 1983 Claims against the Defendants in their Individual Capacities**

The plaintiffs also assert § 1983 claims against the defendants in their individual capacities. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable

person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, courts use the two-part analysis set forth in *Saucier v. Katz*, 533 U.S. 194 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009). Courts must decide "(1) whether facts alleged or shown by plaintiff make out the violation of a constitutional right, and (2) if so, whether that right was clearly established at the time of the defendant's alleged misconduct." *Pasco v. Knoblauch*, 566 F.3d 572, 579 (5th Cir. 2009). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Lytle v. Bexar County*, 560 F.3d 404, 410 (5th Cir. 2009) (quoting *Saucier*, 533 U.S. at 202).

As the en banc Fifth Circuit recently held:

> When considering a defendant's entitlement to qualified immunity, we must ask whether the law so clearly and unambiguously prohibited his conduct that "every 'reasonable official would understand that what he is doing violates [the law].'" To answer that question in the affirmative, we must be able to point to controlling authority — or a "robust 'consensus of persuasive authority'" — that defines the contours of the right in question with a high degree of particularity.

*Morgan v. Swanson*, 659 F.3d 359, 371–72 (5th Cir. 2011) (en banc) (alteration in original) (quoting *Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2083, 2084 (2011)) (internal footnotes omitted). "Qualified immunity balances two important interests — the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 233 (2009). Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244 (2012) (internal quotation marks omitted).

"[W]hile the Supreme Court has stated that 'courts should define the 'clearly established' right at issue on the basis of the 'specific context of the case,' it has also recently reminded [courts] that [they] 'must take care not to define a case's 'context' in a manner that imports genuinely disputed factual propositions.'" *Luna*, 773 F.3d at 724–25 (quoting *Tolan*, 134 S. Ct. at 1866). A plaintiff has the burden of overcoming the qualified immunity defense. *Bennett v. City of Grand Prairie*, 883 F.2d 400, 408 (5th Cir. 1989).

The plaintiffs allege that the defendants violated John Gray's constitutional rights by refusing to release him from parole in retaliation for complaining that his parole officer assaulted him. The plaintiffs also allege that the defendants acted with deliberate indifference to his medical needs by denying him access to medical care after the assault. The defendants are entitled to qualified immunity on these claims because the allegations do not show any violation of clearly established constitutional rights.

To hold any person liable under 42 U.S.C. § 1983, the plaintiff must show that the person sued was personally involved in the alleged constitutional violations. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). The plaintiff must "enunciate a set of facts that illustrate" each defendant's participation in the alleged constitutional violation. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). The plaintiffs allege that John Gray's parole supervisor, who is not a party to this suit, committed a number of constitutional violations. They also allege that John Gray reported the violations to parole supervisors who are also not named as defendants. The plaintiffs do not allege facts that would show that any of the four named defendants knew about the alleged assault on John Gray, the injuries he suffered, or the retaliation he claims. The complaint does not contain any factual allegations against Wells or Owens. The plaintiffs' only basis for asserting Livingston's

and Howell's involvement in the constitutional violations alleged is the conclusory assertion that John Gray "made his complaints known verbally" to Livingston and Howell by complaining about the assault to various parole officers. Because the plaintiffs' pleadings do not allege that the defendants were personally involved in retaliating against John Gray by refusing to release him from parole, or in acting with deliberate indifference to his injuries, they fail to state a § 1983 claim. *See Carlson v. Holton*, 243 F. App'x 49, 50 (5th Cir. 2007).

Even if the plaintiffs' conclusory allegations about what other parole officers knew supported an inference that Livingston and Howell learned about John Gray's complaints of assault and injury, the complaint does not include allegations that, if proven, would show that parole conditions were retaliatory. The plaintiffs allege that the electronic monitoring device and parole fees he complains of were conditions of his parole from the outset. The plaintiffs also allege that John Gray was not released from parole as scheduled because he refused to pay his parole fees and pass a required polygraph test. (Docket Entry No. 1 at ¶ 11). The complaint does not provide any basis to infer unconstitutional retaliation in the continuation or conditions of parole.

The plaintiffs' § 1983 claims are dismissed, without leave to amend because amendment would be futile.

**C.    The Claim of Denial Access to the Courts**

Prisoners have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). This is not "an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[M]eaningful access to the courts is the touchstone." *Id.* (internal quotation marks and citation omitted). A claim of denial of access to courts requires a claim of actual injury. *Id.* at 349–52; *see also Christopher*

*v. Harbury*, 536 U.S. 403, 415 (2002). "[B]efore a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate 'that his position as a litigant was prejudiced by his denial of access to the courts.'" *McDonald v. Steward*, 132 F.3d 225, 230–31 (5th Cir. 1998) (citation omitted); *see also Lewis* , 518 U.S. at 351.  The  complaint must plead facts showing: (1) "the underlying cause of action, whether anticipated or lost"; and (2) "the official acts frustrating the litigation." *Id.* Because the access-to-courts right is ancillary to the underlying claim, that claim must be described in the complaint as though it were being independently pursued.  The plaintiff must describe the predicate claim well enough to show that it is not frivolous and supported by more than hope. *Harbury*, 536 U.S. at 416.

The plaintiffs allege in their complaint that John Gray has been denied "free and open access to the federal or state courts."  (Docket Entry No. 1 at ¶ 22).  In their response to the motion to dismiss, the plaintiffs allege that the defendants restricted John Gray's access to the courts by removing the second and third editions of federal law books from the Garza West and East law libraries, denying access to computers in the Garza East law library, refusing to purchase an electric typewriter for the prisoners, interfering with the delivery of mail relating to this case, and denying John Gray access to copy paper.  But the plaintiffs do not allege facts showing that they have been prevented from filing or prosecuting any nonfrivolous lawsuit.  The plaintiffs' underlying claims in this suit have been dismissed and they have identified no meritorious claim that they were prevented from asserting. *See Clemons v. Monroe*, 423 F. App'x 362 (5th Cir. 2011) ("[A]lthough interference with prison mail that prevents an inmate from 'prepar[ing] and transmit[ting] a necessary legal document to a court' does violate an inmate's constitutionally protected right of access to the courts, [the inmate] has failed to demonstrate an actual legal injury stemming from the defendants'

unconstitutional conduct, that is, he has failed to demonstrate that he was prevented from raising a meritorious legal issue." (internal citation omitted)).  Because the plaintiffs have identified no injury, their access-to-courts claims are dismissed, without leave to amend because amendment would be futile.

## IV.    Conclusion

The defendants' motion to dismiss, (Docket Entry No. 9), is granted.  A dismissal order is separately entered.

SIGNED on April 27, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge